Enrique **HERNANDEZ**, Appellant,

v.

Merle R. **SCHNECKLOTH**, Appellee.

No. 24398.

United States Court of Appeals,
Ninth Circuit.
April 20, 1970.
Rehearing Denied June 25, 1970.

———◆———

Enrique Hernandez, in pro per.

Arthur B. Rosenfeld, Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen., Los Angeles, Cal., for appellee.

Before BARNES and ELY, Circuit Judges, and JAMESON,* District Judge.

PER CURIAM.

Petitioner-appellant is serving a state sentence, imposed in May, 1965, for violation of California Penal Code, § 459 (burglary). He appeals from an order dismissing his petition for a writ of habeas corpus.[1]

Appellant complains first that his petition was denied without an evidentiary hearing. The trial court, however, had the complete state court record (consisting of the reporter's transcript of three volumes and the clerk's transcript of all proceedings in the Los Angeles County Superior Court leading to appellant's conviction) and was in a position to resolve all of petitioner's contentions from its examination of that record. No evidentiary hearing was required. Dismissal of a habeas corpus petition without a hearing is warranted when the records and files show conclu-

* Honorable William J. Jameson, United States Senior District Judge, Billings, Montana, sitting by designation.

1. Appellant filed a motion for appointment of counsel to appear at the hearing on his appeal. The motion was deferred to the date of hearing. The court concluded that it was not necessary to appoint counsel for appellant, and the motion is denied. The appeal was submitted without oral argument from either side.

sively that the petitioner is entitled to no relief. White v. Wilson, 9 Cir. 1968, 399 F.2d 596, 599; Dunn v. California Department of Corrections, 9 Cir. 1968, 401 F.2d 340, 342.

Appellant attacks his conviction on the ground that he was denied due process in that (1) he was incarcerated eight days before arraignment; (2) he was not advised by the arresting officer of his right to counsel; (3) he was compelled against his will to appear in a police lineup; (4) his conviction was based upon an identification made during an illegal and unreliable lineup; and (5) counsel was appointed only a few minutes before the preliminary hearing and did not have sufficient time to present adequately a motion to dismiss the complaint.

■■■ Recognizing that the delay in arraignment violated California Penal Code, § 825, which requires arraignment without unnecessary delay and in any event within two days after arrest (excluding Sunday and holidays), the district court found that "petitioner has not shown that he was prejudiced by the delay." We agree. State law governs detention of persons in state custody. Ferganchick v. United States, 9 Cir. 1967, 374 F.2d 559, 561; cert. den. 387 U.S. 947, 87 S.Ct. 2085, 18 L.Ed.2d 1337. An illegal detention does not subject a state conviction to a federal collateral attack in the absence of a showing of prejudice.

■■ A public defender was appointed to represent appellant when he was arraigned. There is no showing that appellant was prejudiced through failure to appoint counsel or advise appellant of his right to counsel prior to arraignment. No incriminating statement was taken; nor is there any showing that he was otherwise deprived of a fair trial by reason of any delay in the appointment of counsel. See Stroble v. California, 1952, 343 U.S. 181, 197, 72 S.Ct. 599, 96 L.Ed. 872; reh. den. 343 U.S. 952, 72 S. Ct. 1039, 96 L.Ed. 1353.

■■ Appellant's contention that he was denied due process through being forced to appear in a police lineup is without merit. The district court correctly held that "appearance in a line-up does not come within the Fifth Amendment right against self-incrimination; and an individual does not have the right to refuse to submit to eye-witness identification." United States v. Wade, 1967, 388 U.S. 218, 222, 87 S.Ct. 1926, 18 L.Ed.2d 1149. Moreover, as the district court said, "Here the line-up or other type of eye-witness identification could have been conducted after arraignment. Therefore the delay in arraignment did not permit the police to obtain evidence against petitioner that they otherwise might not have been able to obtain."

■ Appellant contends, however, that the line-up identification was constitutionally improper in that he was not warned of his right to counsel and that the lineup was unduly suggestive. It was held in United States v. Wade, supra, and Gilbert v. California, 1967, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, that evidence of in-court identification by a witness to whom an accused was exhibited before trial in the absence of counsel must be excluded unless it can be established that the evidence had an independent origin or that error in its admission was harmless. In another case decided the same day, however, Stovall v. Denno, 1967, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199, the Court held that the new constitutional rule was not retroactive. Appellant was convicted in 1965.

Independent of any right to counsel claim, a confrontation may be "so unnecessarily suggestive and conducive to irreparable mistaken identification" that the accused may be denied due process of law. A "claimed violation of due process of law in the conduct of a confrontation depends on the totality of the circumstances surrounding it". Stovall v. Denno, supra, 388 U.S. at 302, 87 S. Ct. at 1972.

We have examined all of the testimony bearing upon the line-up identification and agree with the district court that it does not appear that it "was unreliable". It met the "totality of circumstances" rule of Stovall v. Denno. The evidence of the line-up identification was not unduly suggestive and was properly admitted.

We agree with the district court that appellant's final ground does not present a constitutional question. At the preliminary hearing appellant's counsel, the public defender, requested a continuance to permit him to research the question of whether the illegal delay in arraignment warranted a dismissal. The court denied the continuance and motion to dismiss, without prejudice to renewing the motion in the superior court. The identical motion was made 23 days later in the Los Angeles County Superior Court and was denied. The district court properly held that under these circumstances the denial of appellant's motions for continuance and dismissal at the preliminary hearing did not prejudice defendant or affect his rights in the subsequent trial.

Affirmed.