Richard H. KRANTZ, Petitioner–
Appellant,

v.

Phillip BRIGGS, Superintendent, Cook
Inlet Pretrial Facility, Alaska Depart-
ment of Corrections, Respondent–Ap-
pellee.

No. 91–35871.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 3, 1992.

Decided Jan. 19, 1993.

Nancy J. Shaw, Federal Public Defender, Anchorage, Alaska, for petitioner-appellant.

Cynthia M. Hora, Asst. Atty. Gen., Anchorage, Alaska, for respondent-appellee.

Before: WRIGHT, HUG and POOLE, Circuit Judges.

POOLE, Circuit Judge:

Richard Krantz, an Alaska state prisoner now on probation, appeals the district court's denial of his 28 U.S.C. § 2254

habeas corpus petition.[1] Krantz contends that his conviction is invalid because he was not informed of his *Miranda* rights before he made certain incriminating statements to the police and because statements he made subsequent to receiving a *Miranda* warning were not suppressed as the fruit of the earlier confession. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 2253, and we affirm.[2]

## I

On February 21, 1986, Krantz threatened two women in their home with a gun. On February 27, 1986, a police officer was at the women's home investigating an unrelated incident. One woman looked out the window, saw Krantz walking up the walkway, and identified Krantz as the assailant to a police officer. Three police officers subsequently went to Krantz's apartment, where he was caring for his girlfriend's two children.

The officers told Krantz that they wanted to talk to him about the February 21, 1986 incident, and Krantz agreed to talk with the officers, who questioned him without advising him of his *Miranda* rights. The officers later described Krantz as cooperative but somewhat nervous. At one point during the interview, Krantz offered the officers coffee. The officers also accompanied Krantz to a neighbor's apartment, where he telephoned his girlfriend.

Krantz initially denied owning a weapon or having any information about the February 21, 1986 assaults. He also told the officers that he had been invited to the women's home for a drink on February 27, 1986 by "Tyrone." After telling the officers more about Tyrone and "Dee," who allegedly threatened his girlfriend, Krantz admitted that "he had gone down there to scare them." He also admitted that he had

a shotgun and told the officers where to find it. The officers then advised Krantz of his *Miranda* rights, and Krantz confessed to the assault.

During Krantz's subsequent trial, he moved to suppress the statements made at his apartment. Following a hearing, the trial court denied the suppression motion, finding that Krantz was not in custody until he was formally arrested. The trial court further found that Krantz had a subjective belief that he was in custody but that his belief was not reasonable because no guns were drawn, no handcuffs were used, and "there was [sic] no indicia of custody." The trial court further found that

> until the point in time where the gun was found, it seems to me very reasonable and I believe the officers' testimony that what triggered an arrest or custodial situation was finding that gun, that that was the evidence that they could prove the defendant was—or they felt they would have proof that the defendant was guilty [of the assault], ... and without the gun all they had was some—was an identification of someone which is not all that great evidence, but the gun corroborated that.

Krantz was convicted of two counts of assault and one count of criminal trespass. On direct appeal, the Alaska Court of Appeals held that the trial court's factual findings regarding custody were not clearly erroneous. The Alaska Supreme Court summarily denied Krantz's petition for review.

Krantz then filed this 28 U.S.C. § 2254 habeas corpus petition in district court. The district court denied the petition, according a presumption of correctness under 28 U.S.C. § 2254(d) to the state court's

---

**1.** Krantz finished serving his state prison term and is currently serving five years probation. Probation satisfies section 2254's "in custody" requirement. *See United States v. Spawr Optical Research, Inc.,* 864 F.2d 1467, 1470 (9th Cir.1988), *cert. denied,* 493 U.S. 809, 110 S.Ct. 51, 107 L.Ed.2d 20 (1989). He presently is incarcerated in Pennsylvania for violating parole by committing his Alaska crimes.

**2.** Krantz filed his notice of appeal after the district court orally denied his habeas petition on May 29, 1991 but before the district court entered its judgment on June 4, 1991. Under Federal Rule of Appellate Procedure 4(a)(1) and (2), his appeal is timely. *See* Fed.R.App.P. 4(a)(1)–(2) (notice of appeal is timely if it is filed after the district court announces its decision but before entry of judgment).

finding that Krantz was not "in custody" for purposes of *Miranda* when he made his pre-arrest statements and thus was not entitled to a *Miranda* warning.

This appeal followed.

## II

■ We review a district court's denial of a 28 U.S.C. § 2254 habeas corpus petition de novo. *Norris v. Risley*, 878 F.2d 1178, 1180 (9th Cir.1989). Under 28 U.S.C. § 2254(d), however, we must accord a presumption of correctness to a state court's findings of fact. *Sumner v. Mata*, 449 U.S. 539, 546–47, 549, 551, 101 S.Ct. 764, 768–69, 770, 771, 66 L.Ed.2d 722 (1981) (*Sumner I*). This presumption applies only to factual determinations made by a state court after a hearing on the merits. 28 U.S.C. § 2254(d); *Sumner I*, 449 U.S. at 546, 101 S.Ct. at 768.

## III

Krantz contends that his pre-*Miranda* statements should have been suppressed because he was in custody during the interrogation and thus was entitled to *Miranda* warnings.

The rules of police procedure established by *Miranda v. Arizona* apply only to "custodial interrogation." 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966). "[T]he ultimate inquiry [for determining whether an individual is in custody] is simply whether there is a 'formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." *California v. Beheler*, 463 U.S. 1121, 1125, 103 S.Ct. 3517, 3520, 77 L.Ed.2d 1275 (1983) (per curiam) (quoting *Oregon v. Mathiason*, 429 U.S. 492, 495, 97 S.Ct. 711, 714, 50 L.Ed.2d 714 (1977) (per curiam)). Under the law of this circuit, "[a] defendant is in custody [for purposes of *Miranda*] when, based upon a review of all the pertinent facts, 'a reasonable innocent person in such circumstances would conclude that after brief questioning he or she would not be free to leave.'" *United States v. Wauneka*, 770 F.2d 1434, 1438 (9th Cir.1985) (setting forth five-part test) (quoting *United*

*States v. Booth*, 669 F.2d 1231, 1235 (9th Cir.1981)).

Krantz asserts that the circumstances of his questioning were such that a reasonable innocent person would have believed that he was in custody when he made his pre-*Miranda* statements. Therefore, he argues, the district court erred by according a presumption of correctness to the state court's finding that he was not in custody.

Whether section 2254(d)'s presumption of correctness applies to a state court's determination regarding "custody" for purposes of *Miranda* is an issue of first impression in this circuit. We conclude that section 2254(d)'s presumption of correctness applies.

Krantz argues that whether a person is in custody for purposes of *Miranda* is a mixed question of law or fact that this court should review de novo. He concedes that the state court's resolution of disputed facts is entitled to a presumption of correctness but argues that the conclusion as to whether an individual is in custody "takes on the character of a ruling on the law" and should be reviewed de novo.

■ In support of his argument, Krantz cites *Collazo v. Estelle*, 940 F.2d 411, 415–16 (9th Cir.1991) (en banc), *cert. denied,* —— U.S. ——, 112 S.Ct. 870, 116 L.Ed.2d 776 (1992), which applied the test suggested by Krantz in reviewing the voluntariness of a defendant's confession and *Miranda* waiver. Voluntariness of a confession and voluntariness of a *Miranda* waiver, however, are mixed questions of law and fact that are reviewed de novo. *Id.* (subsidiary facts are entitled to a presumption of correctness under section 2254(d), but federal court may give different weight to the facts and reach a different conclusion under the law); *accord Sumner v. Mata*, 455 U.S. 591, 597–98, 102 S.Ct. 1303, 1307, 71 L.Ed.2d 480 (1982) (per curiam) (*Sumner II*).

■ In contrast, whether a defendant is "in custody" for purposes of *Miranda* is a factual determination. *United States v. Poole*, 806 F.2d 853, 853 (9th Cir.1986) (cus-

tody determination is "essentially factual" and is reviewed for clear error), *amending in part* 794 F.2d 462 (9th Cir.1986); *Wauneka,* 770 F.2d at 1438 (same); *Booth,* 669 F.2d at 1235–36 (same); *see also Miller v. Fenton,* 474 U.S. 104, 113, 106 S.Ct. 445, 451, 88 L.Ed.2d 405 (1985) ("an issue does not lose its factual character merely because its resolution is dispositive of the ultimate constitutional question").

Thus, we conclude that a state court's factual determination as to whether a defendant is in custody is entitled to a presumption of correctness if the state court made its factual findings after a hearing on the merits. 28 U.S.C. § 2254(d); *Sumner I,* 449 U.S. at 546–57, 549, 551, 101 S.Ct. at 768; *Tinsley v. Borg,* 895 F.2d 520, 525 (9th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 974, 112 L.Ed.2d 1059 (1991); *Booth,* 669 F.2d at 1235–36; *see Purvis v. Dugger,* 932 F.2d 1413, 1418–19 (11th Cir. 1991) (applying section 2254(d)'s presumption of correctness to state court finding that defendant was not in custody), *cert. denied,* — U.S. —, 112 S.Ct. 1485, 117 L.Ed.2d 627 (1992).

Here, the state trial court held a suppression hearing and found that Krantz was not in custody until he was formally arrested. The hearing transcript shows that the state court's findings met the requirements of section 2254(d). The district court properly accorded a presumption of correctness to the trial court's finding that Krantz was not in custody when he made his pre-*Miranda* statements.

Krantz has not overcome this presumption of correctness: he does not show, nor does it otherwise appear, that the state court proceeding was deficient for any of the seven reasons listed in section 2254(d)(1)–(7), he does not dispute the relevant facts, and he does not establish by convincing evidence that the trial court's determination was erroneous. *See Tinsley,* 895 F.2d at 525 (discussing ways to overcome section 2254(d)'s presumption of correctness). Even if we were to agree with Krantz that whether he was in custody is a close call factually, deference to state court findings under section 2254(d) "requires

that a federal court more than simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings lack even 'fair support' in the record." *Marshall v. Lonberger,* 459 U.S. 422, 432, 103 S.Ct. 843, 849, 74 L.Ed.2d 646 (1983). Under this deferential standard, Krantz's challenge to the state court findings fails.

 Krantz also argues that his post-*Miranda* statements should have been suppressed as the fruit of his earlier, tainted statements. This argument fails because the first statements were not obtained in violation of *Miranda.*

AFFIRMED.