2 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph William KIPP, Defendant-Appellant.
 No. 92-10557.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 17, 1993.
Decided Aug. 12, 1993.
 
 Before: FAIRCHILD,* BEEZER, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph William Kipp was convicted in district court for being a felon in possession of a firearm which had been shipped or transported in interstate commerce, 18 U.S.C. Sec. 922(g)(1). On appeal, Kipp claims that the firearm was illegally seized and that his confession that he owned the firearm was obtained through an illegal interrogation. We affirm.
 
 
 3
 * The determination whether a defendant was subjected to custodial interrogation is a question of fact. Krantz v. Briggs, 983 F.2d 961, 963 (9th Cir.1993); United States v. Poole, 806 F.2d 853, 853 (9th Cir.1986). We review findings of fact at a suppression hearing for clear error. United States v. Feldman, 788 F.2d 544, 550 (9th Cir.1986). We review de novo a district court's finding that a threat to public safety temporarily suspends the obligation to give Miranda warnings. United States v. Brady, 819 F.2d 884, 886 (9th Cir.1987).
 
 
 4
 Kipp claims that from the moment he was placed in handcuffs and taken to the police car he was in police custody and should have been read his rights under Miranda prior to any questioning by Officer Davidson. According to Kipp, the search of the truck was the result of an unconstitutional interrogation by Davidson and the fruits of that search should have been suppressed. The government responds that Kipp has waived his right to challenge the constitutionality of the pre-Miranda questioning. The record supports the government.
 
 
 5
 At the suppression hearing, Kipp explicitly conceded that the public safety exception articulated by the Supreme Court in New York v. Quarles[1] justified the pre-Miranda questioning by Officer Davidson.[2] Kipp attempted to distinguish Quarles by arguing that, even though the officer's question was not impermissible, the seizure of the shotgun was. Whatever the merits of this argument, it does not alter the fact that Kipp conceded the constitutionality of the pre-Miranda questioning.
 
 
 6
 Kipp argues that, even if this claim is raised for the first time on appeal, this court may consider it if it involves "purely a matter of law." United States v. Barnett, 935 F.2d 178, 180 (9th Cir.1991). Kipp's claim, however, requires a finding that he was in police custody when he was initially questioned by Officer Davidson as well as a finding that the questioning constituted an interrogation; these are both questions of fact. Briggs, 983 F.2d at 963; Poole, 806 F.2d at 853. Accordingly, we decline to address this issue for the first time on appeal.
 
 
 7
 Regarding the seizure of the shotgun, the district court found that the shotgun was in plain view and, once observed, Officer Davidson had probable cause to both arrest Kipp and seize the weapon. Kipp concedes that the shotgun was in plain view on the seat of the truck, and that this fact negates any need for the government to show exigent circumstances justifying the warrantless seizure of the shotgun. Nevertheless, Kipp argues that, but for the unconstitutional interrogation, Officer Davidson would not have looked in the truck and seen the shotgun in plain view. Because we hold Kipp waived his right to challenge the pre-Miranda questioning, this claim must fail.
 
 II
 
 8
 Kipp argues that the introduction at trial of his pre- and post-Miranda statements to the arresting officers violated his Fifth Amendment rights. As an initial matter, Kipp maintains that he should have been read his Miranda rights prior to the initial questioning by Officer Davidson. As discussed above, Kipp waived this issue at his suppression hearing. Kipp also claims he was unconstitutionally interrogated by Officer Denison en route to the jail, and by Officer Davidson once he arrived at the jail.
 
 
 9
 A district court's determination that questioning does not constitute interrogation for the purposes of Miranda is reviewed for clear error. Poole, 806 F.2d at 853. The voluntariness of a confession is reviewed de novo. Collazo v. Estelle, 940 F.2d 411 (9th Cir.1991) (en banc). A finding of knowing and intelligent waiver of Miranda warnings is reviewed for clear error. Derrick v. Peterson, 924 F.2d 813 (9th Cir.1990).
 
 
 10
 Kipp concedes he initiated his conversation with Officer Denison in the police car on the way to jail,[3] but argues that the totality of the circumstances show his conversation with Denison was actually an interrogation. No facts in the record are cited to support this claim, nor does Kipp dispute Denison's testimony at trial regarding the substance of their conversation or how it was initiated.
 
 
 11
 Absent an interrogation or its functional equivalent, Miranda is not implicated. Rhode Island v. Innis, 446 U.S. 291, 300-01 (1980). See also Edwards v. Arizona, 451 U.S. 477, 484-85 (post-Miranda interrogation impermissible "unless the accused himself initiates further communication, exchanges, or conversations with police"); Collazo, 940 F.2d at 427 (same). Kipp had been advised of his Miranda rights prior to entering the police car with Denison and there is no evidence that he was coerced or pressured in any fashion. Accordingly, we hold that the district court did not clearly err in its finding that Kipp was not interrogated in violation of Miranda or the Fifth Amendment.
 
 
 12
 Similarly, even if we assume Officer Davidson's second questioning at the jail should not have occurred without a second Miranda warning, Kipp said nothing to Davidson that he had not already told Denison en route to the jail. Allowing the jury to learn about Kipp's statements at the jail was no more than harmless error. See Collazo v. Fulminante, 940 F.2d 411, 423 (9th Cir.1991) (harmless error applies to coerced confessions).
 
 
 13
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Thomas E. Fairchild, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In New York v. Quarles, 467 U.S. 649 (1984), the Supreme Court held that public safety concerns can sometimes override a suspect's right to be read Miranda warnings prior to official questioning regarding the location of a weapon
 
 
 [2]
 COURT: Now, Mr. Allen [Kipp's attorney], your concern with the Fifth Amendment and the Miranda problem is you're suggesting at that point before they asked him, "Where's the gun," they should have said, "You have the right to remain silent. Anything you say may be used against you in a court of law. You have the right to an attorney. If you can't afford one, one will be appointed for you. Anything you say can be used against you." "Do you understand these rights? Are you willing to waive these rights? Okay, where's the gun?" Is that what you're saying that should have happened?
 MR. ALLEN: No your Honor, because Quarles obviously says that doesn't have to be done, that the ...
 THE COURT: Well, then are you conceding that under these facts as they've been described that the Fifth Amendment or the Miranda warnings were not implicated at that point before he asked, "Where's the gun?"
 MR. ALLEN: Not at that point, no. Under Quarles ...
 COURT: Okay.
 MR. ALLEN: That's permissible.
 Appellee's Supplemental Excerpt of Record at 45-46.
 
 
 [3]
 See Defendant's Opening Brief at 8-9; Government's Excerpt of Record at 009