5 F.3d 537
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 John Ellis HUBER, Petitioner-Appellant,
v.
Robert BORG, Respondent-Appellee.
 No. 92-16896.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 13, 1993.
Decided Sept. 22, 1993.
 
 Appeal from the United States District Court, for the Northern District of California, D.C. No. CV-89-20073-JW; James Ware, District Judge, Presiding.
 N.D.Cal.
 AFFIRMED.
 Before: REINHARDT and LEAVY, Circuit Judges, and MERHIGE, Senior District Judge.*
 MEMORANDUM**
 John Ellis Huber appeals from the district court's denial of his application for a writ of habeas corpus under 28 U.S.C. Sec. 2254, and, further, the district court's denial of his request for an evidentiary hearing. The matter is before the Court pursuant to the district court's issuance on July 30, 1992, of a certificate of probable cause to appeal.
 On appeal petitioner first asserts that the district court erred in its determination that the state trial court did not deny him due process when it refused to sever several "crime sets" in his jury trial. The trial court, having reviewed the transcript from the preliminary hearing, concluded that there were sufficient similarities in the modus operandi of four crime sets, which entailed twenty-six felonies occurring on four separate dates over a twenty-two month period and involving six female victims, to warrant the sets being tried jointly.[1]
 The California Court of Appeal reviewed petitioner's claim of error as to severance in People v. Huber, 181 Cal.App.3d 601, 227 Cal.Rptr. 113 (First Dist.1986). On appeal petitioner conceded that the four crime sets were properly joined under California Penal Code Section 954, which permits joinder of offenses of the same class:
 [a]n accusatory pleading may charge two or more different offenses connected together in their commission, or different statements of the same offense or two or more different offenses of the same class or crimes of offenses ...; provided that a court in which a case is triable, in the interests of justice and for good cause shown, may in its discretion order that the different offenses or counts set forth in the accusatory pleading be tried separately....
 
 
 1
 (West 1991). Therefore, the Court of Appeal considered whether the trial court abused its discretion in refusing to sever the crime sets. The Court noted that
 
 
 2
 [t]he initial step in any review of a motion to sever is to examine the issue of cross-admissibility of evidence. Since cross-admissibility would ordinarily dispel any possibility of prejudice ... we must inquire, had the severance been granted, would the evidence pertinent to one case have been admissible in the other under the rules of evidence which limit the use of character evidence....
 
 
 3
 Id. at 619, 227 Cal.Rptr. at 122 (citation omitted). Employing this standard, the Court of Appeal held that the crime sets were cross-admissible both as to identity of perpetrator and intent to rape, and therefore denied the appeal on this basis. Id. at 621-22, 227 Cal.Rptr. at 123-24.
 
 
 4
 The district court denied appellant's application for habeas corpus on this same basis, agreeing with the California Court of Appeal that the evidence as to each of the crime sets was cross-admissible and that appellant therefore suffered no prejudice from the joinder of the crime sets. The district court's denial of a 28 U.S.C. Sec. 2254 habeas corpus application is reviewed de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). Under Sec. 2254, however, this Court must accord a presumption of correctness to a state court's findings of fact, if such findings are made pursuant to a hearing on the merits. Krantz v. Briggs, 983 F.2d 961, 963 (9th Cir.1993). " 'The propriety of a consolidation rests within the sound discretion of the state trial judge. The simultaneous trial of more than one offense must actually render petitioner's state trial fundamentally unfair and hence [ ] violative of due process before relief pursuant to 28 U.S.C. Sec. 2254 would be appropriate.' " Featherstone v. Estelle, 948 F.2d 1497, 1503 (9th Cir.1991) (citation omitted). Mindful of these legal standards, and having reviewed the record as it existed before the state and federal district courts, the Court concludes that the district court correctly determined that the trial court did not violate due process or otherwise render appellant's trial fundamentally unfair when it refused to sever the crime sets in appellant's jury trial.
 
 
 5
 Appellant next contends that the district court erred in denying him an evidentiary hearing on his claim of ineffective assistance of counsel. It is well-settled that a prima facie case of ineffective assistance of counsel is made out when petitioner can prove that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). "An evidentiary hearing on a habeas corpus petition is required whenever a petitioner's allegations, if proved, would entitle him to relief, and no state court trier of fact has, after a full and fair hearing, reliably found the relevant facts." Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990), cert. denied, 498 U.S. 1091 (1991). In the case at bar, the district court concluded that, assuming arguendo that some deficiency was capable of being shown, appellant was nonetheless not entitled to relief because he was incapable of showing prejudice. This approach is consonant with Strickland itself. See Strickland, 466 U.S. at 697, 104 S.Ct. at 2069 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed.").
 
 
 6
 To show prejudice petitioner must show that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. at 2068. A reasonable probability is one sufficient to undermine confidence in the outcome. Id. The district court concluded that no such reasonable probability existed on the basis of trial counsel's failure to: (1) retest physical evidence; (2) file a dismissal motion based on an alleged failure by police to properly preserve evidence; (3) file a timely motion to dismiss portions of the criminal information; (4) present evidence of third party culpability; (5) meet and confer with appellant; and (6) file a motion to exclude a statement by appellant allegedly obtained in violation of Miranda. The Court has reviewed the district court's findings in this respect and finds them to be correct insofar as appellant is unable to make out a prima facie case of prejudice stemming from the alleged deficiencies of counsel.
 
 
 7
 In sum, the district court's denial of appellant's application for a writ of habeas corpus under 28 U.S.C. Sec. 2254 was proper and the district court therefore is
 
 
 8
 AFFIRMED.
 
 
 
 *
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Grouped by crime, appellant was convicted of four counts of first-degree burglary (counts 1, 14, 17, 26), five counts of robbery (counts 2, 3, 15, 18, 19), three counts of forcible rape (counts 4, 5, 20), ten counts of forcible oral copulation (counts 6-11, 16, 21-23), and four counts of penetration by a foreign object (counts 12, 13, 15, 24). Counts 1-16 were accompanied by findings that appellant had personally used a firearm during the commission of the crimes