34 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carl THOMPSON, Petitioner-Appellant,
v.
Patrick KEOHANE, Warden; Charles E. Cole, Attorney General,
State of Alaska, Respondent-Appellee.
 No. 94-35052.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 5, 1994.
Decided Aug. 11, 1994.
 
 Before: PREGERSON, CANBY and BOOCHEVER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Carl Thompson appeals the district court's denial of his petition for writ of habeas corpus. Thompson alleges that his incarceration violates the Constitution because the state trial court admitted statements that Thompson argues were obtained in violation of his Miranda rights and a confession that he argues was involuntary. We affirm.
 
 I.
 
 3
 We recently have held that a state court's determination that a defendant was not in custody for purposes of Miranda is a question of fact entitled to the presumption of correctness under 28 U.S.C. Sec. 2254(d). Krantz v. Briggs, 983 F.2d 961, 963-64 (9th Cir.1993). Thompson has not shown, and it does not otherwise appear, that any of the exceptions to the presumption, see 28 U.S.C. Sec. 2254(d)(1)-(8) (1988), apply in this case. Accordingly, we may only disturb the state court's factual determination if it lacks even fair support in the record. Krantz at 964.[1]
 
 
 4
 We have reviewed the entire transcript of Thompson's interrogation. Thompson voluntarily appeared at the trooper headquarters. During the interrogation, the troopers assured him several times that he was free to terminate the interview and leave. Indeed, even after he confessed, Thompson was permitted to leave when the interview was complete. "Fair support" exists for the state court's determination that Thompson was not in custody for Miranda purposes. See id. at 963 (test for determining custody is whether, based upon a review of all the pertinent facts, a reasonable innocent person in such circumstances would conclude that they were not free to leave).
 
 II.
 
 5
 We review de novo the question whether, considering the totality of the circumstances, Thompson's will was overborne through psychological pressure rendering his confession involuntary. See Miller v. Fenton, 474 U.S. 104, 110 (1985). We have independently evaluated the transcript of Thompson's interrogation and conclude that, the cumulative effect of those tactics did not overbear Thompson's will.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 This standard requires that we "more than simply disagree with the state court." Krantz, 983 F.2d at 964. Accordingly, Thompson's attempts to analogize the circumstances of his interrogation to the circumstances of cases in which this court has held that a federal defendant was in custody for purposes of Miranda are unavailing