62 F.3d 1424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carl Merton IRONS, II, Petitioner-Appellant,
v.
Daniel B. VASQUEZ, Warden, Respondent-Appellee.
 No. 95-15494.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 8, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carl Irons appeals pro se the denial of his petition for a writ of habeas corpus. Irons was convicted in California state court of second degree murder. Irons contends he is entitled to habeas relief because the prosecutor introduced his confessions in violation of Miranda v. Arizona, 384 U.S. 436 (1966) and a videotape in which Irons re-enacted the murder. We have jurisdiction under 28 U.S.C. Sec. 2253 and affirm.
 
 I. Miranda
 
 3
 Irons contends that he invoked his right to have counsel present during the first interview when he said, "I'll answer questions, but I, I'm afraid to volunteer information other th[a]n to answer specific questions without talking to an attorney first.... if you [ask] specific questions, I'll do my best to answer you truthfully." The state court found that Irons was not in custody at the time of this interview. That fact finding is entitled to a presumption of correctness and Irons has not attempted to overcome that presumption. Krantz v. Briggs, 983 F.2d 961, 963-64 (9th Cir. 1993). Because Irons was not in custody, Miranda does not bar the admission of any statements made during the interview. Cf. United States v. Woods, 720 F.2d 1022, 1029-30 (9th Cir. 1983) (even if police investigation had focused on suspect, if suspect was not in custody, the police are not required to give Miranda warnings, thus statements were admissible).
 
 
 4
 Even if Irons were entitled to counsel during the interview and had invoked the right, he selectively waived his right by agreeing to answer specific questions without the presence of an attorney. Bruni v. Lewis, 847 F.2d 561, 563-64 (9th Cir.) (suspect's statement that he would not answer questions without his attorney, but would answer those questions he saw fit amounted to a selective waiver of the right to counsel during custodial interrogation), cert. denied, 488 U.S. 960 (1988), and cert. denied, 489 U.S. 1055 (1989).
 
 
 5
 A few hours later, the police returned to arrest Irons' roommate. Irons asked to speak to the officers in private and told them they were taking the wrong person. An officer asked who the right person was, and Irons stated "I am." The California Court of Appeal found that Irons was in custody at that point. That factual finding is presumed correct. Krantz, 983 F.2d at 964.
 
 
 6
 When the officer asked what he meant, Irons said, "Maybe I should talk to my lawyer." The officer reminded Irons that "We have already advised you of your rights and you said you understood them." Irons replied "Yes." The officer then informed Irons that "we weren't going to coerce him or intimidate him in any fashion, and any statements he did give would have to be freely and voluntarily given." Irons then said, "I killed him."
 
 
 7
 Irons first asserts that the police officer should have re-administered the Miranda warnings after Irons stated that he was the right person. Because less than three hours had passed since the officer had read Irons the Miranda warnings, the officer reminded Irons of those rights, Irons confirmed that he understood them, and the officer advised Irons that he would not be coerced into giving a statement, we conclude that the officer was not required to give fresh warnings. See United States v. Nordling, 804 F.2d 1466, 1471 (9th Cir. 1986) (fresh Miranda warnings were not required when no time lag between questioning, officer knew suspect had been read rights during earlier interview, and suspect did not assert right to silence or counsel).
 
 
 8
 Irons next contends that he invoked his right to counsel during questioning. We disagree because Irons' statement, "Maybe I should talk to my lawyer," was not a clear assertion of his right to have counsel present during custodial interrogation. Robtoy v. Kincheloe, 871 F.2d 1478, 1479, 1482 (9th Cir. 1989) ("maybe I should call my attorney" was an equivocal request for counsel), cert. denied, 494 U.S. 1031, 1061 (1990); see also Davis v. United States, 114 S. Ct. 2350, 2357 (1994) ("Maybe I should talk to a lawyer" was not a request for counsel).
 
 
 9
 The officers did not continue to interrogate Irons, rather they reiterated that Irons was entitled to an attorney's advice and that any statement must be given voluntarily. The officer's statements did not impinge on Irons' ability to stop the interview. Robtoy, 871 F.2d at 1482-83 (upholding state court's implied finding that police officer sought clarification of the suspect's equivocal request). In addition, the state court found that Irons spontaneously admitted that he was the killer. Miranda does not bar the admission of spontaneous statements. Phillips v. Attorney General of the State of California, 594 F.2d 1288, 1290-91 (9th Cir. 1979) (collecting cases).[1]
 
 
 10
 We reject Irons' argument that the police were required to ask him if he wanted to waive his rights. Terrovona v. Kincheloe 912 F.2d 1176, 1180 (9th Cir. 1990) (implied waiver found even though police never expressly asked petitioner if he wanted to waive his Miranda rights), cert. denied, 499 U.S. 979 (1991). We discern no error in the state court's conclusion that Irons waived the right to counsel during questioning. Id. (a waiver can be inferred from the suspect's conduct).
 
 
 11
 In addition, Irons maintains that his confession was involuntary because the police coerced him into confessing. Irons has not identified any facts that remotely suggest police overreaching, therefore, we reject this claim. See Derrick v. Peterson, 924 F.2d 813, 817-19 (9th Cir. 1990) (conducting de novo review to determine if police coerced habeas petitioner into confessing and determining that confession was voluntary), cert. denied, 502 U.S. 853 (1991).
 
 
 12
 Because we conclude that the police did not illegally obtain Irons' initial statements, we reject Irons' argument that his post-arrest statements were tainted. See Krantz, 983 F.2d at 964.
 
 II. Videotaped Re-Enactment of the Crime
 
 13
 Irons was arrested on Friday. On Monday, Irons agreed to accompany an officer to the scene and to re-enact the crime on videotape. On the tape, Irons describes and demonstrates how he shot the victim and disposed of the gun and body. He was arraigned the next day. The California Court of Appeal found that the government unnecessarily delayed Irons' arraignment in violation of the California statute, but determined Irons was not prejudiced by the delay.
 
 
 14
 To the extent that Irons contends that the delay between his arrest and his arraignment violated the California statute and the federal statute, these claims are not cognizable on habeas. See Ahlswede v. Wolff, 720 F.2d 1108, 1110 (9th Cir. 1983) (per curiam) (claim not cognizable on habeas because state law controls application of state statute on arraignment and federal rule does not apply to state trials), cert. denied, 469 U.S. 873 (1984); Hernandez v. Schneckloth, 425 F.2d 89, 91 (9th Cir. 1970) (per curiam) (although state court found unnecessary delay before arraignment, absent a showing of prejudice, an illegal detention is not grounds for habeas relief).
 
 
 15
 To the extent that Irons contends that the police intentionally delayed his arraignment in order to elicit incriminating statements, he has alleged a due process claim that is cognizable on habeas. See Norman v. Ducharme, 871 F.2d 1483, 1487-88 (9th Cir. 1989), cert. denied, 494 U.S. 1031, 1061 (1990). We agree with the district court's conclusion that the admission of the videotape was not prejudicial because Irons had described in chilling detail in his tape recorded confession how he shot and stabbed the victim and then disposed of the evidence, and physical evidence tied Irons to the murder. See id.; cf. Hernandez, 425 F.2d at 91 (petitioner failed to show the delayed arraignment deprived him of a fair trial when the police had not taken a statement).
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Our resolution of this issue renders moot Irons' contention that Davis, which was announced after his conviction became final, does not apply to his case