94 F.3d 651
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry Ray GENTRY, Petitioner-Appellant,
v.
Frank J. PREWITT, Commissioner, Department of Corrections,
Respondent-Appellee.
 No. 95-36102.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 8, 1996.*
Decided Aug. 12, 1996.
 
 Before: GOODWIN, BRUNETTI and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner Larry Ray Gentry appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Petitioner contends that the admission at his first degree murder trial of inculpatory statements he had made to state authorities violated the Due Process Clause of the Fourteenth Amendment because the statements were involuntary and the result of police coercion. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253 and affirm the judgment of the district court.
 
 
 3
 Petitioner first argues that the district court improperly relied on Krantz v. Briggs, 983 F.2d 961 (9th Cir.1993), and the presumption of correctness under 28 U.S.C. § 2254(d), to conclude that Petitioner was not "in custody" during the interrogations. Because the district court conducted an independent review of the entire factual record in concluding that Petitioner's statements were voluntary, any error applying Krantz and the presumption of correctness was harmless. See Miller, 474 U.S. at 112 (stating that "ultimate question" is "whether, under the totality of the circumstances, the challenged confession was obtained in a manner compatible with the requirements of the Constitution").
 
 
 4
 Petitioner next argues that Robert Betts, an accomplice in the murder who was acting as a police agent at the time, threatened Petitioner during several conversations held between October 27 and October 29, 1985. Petitioner argues that this threatening behavior caused him to fear for his personal safety and, in the process, extracted his inculpatory statements involuntarily.
 
 
 5
 Accepting the state court's characterization of Betts' conduct as "somewhat threatening," Petitioner has made no showing that this behavior was in any way connected to the statements he made to investigators. His statements were made on November 2, 1985, four days after the last of his conversations with Betts, and after he was confronted with evidence that he had misrepresented a material fact in previous discussions with the police. There is no indication in the record that Betts was present at the interrogation. Petitioner stated during the interrogation that he went to the police station voluntarily and was aware that he could leave at any time, and shortly thereafter testified in front of a judge that his cooperation was voluntary and was not the result of any coercion on the part of the police. Considering the totality of the circumstances, Petitioner has not demonstrated that his confession was involuntary.
 
 
 6
 Lastly, Petitioner argues that the statements he gave at the November 2, 1985 Glass[1] hearing could not be admitted at his criminal trial consistent with the Due Process Clause because the prosecutor at the Glass hearing did not advise Petitioner of his right against self-incrimination and his right to counsel.
 
 
 7
 Petitioner appeared and testified at the Glass hearing voluntarily. He was not under subpoena, and his cooperation was not the result of any coercion on the part of the police. Considering the totality of the circumstances, Petitioner has failed to demonstrate that the testimony given at the Glass hearing was involuntary. Accordingly, the admission of that testimony at his subsequent criminal trial did not offend the Constitution. See United States v. Washington, 431 U.S. 181, 186-87 (1977) (stating that the Fifth Amendment "does not preclude a witness from testifying voluntarily in matters which may incriminate him, for those competent and freewilled to do so may give evidence against the whole world, themselves included") (citations and internal quotations omitted).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Pursuant to State v. Glass, 583 P.2d 872, on reh'g, 596 P.2d 10 (Ak1979), police officers in Alaska must obtain a warrant to record conversations between an informant and a suspect, even if one of the participants in the conversation consents to the recording