Dennis A. DINKINS, Petitioner-Appellant,

v.

STATE OF ALABAMA, Respondent-Appellee.

No. 75–2785
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 13, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Emily Gassenheimer, Montgomery, Ala. (Court appointed), for petitioner-appellant.

Sarah M. Greenhaw, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

Dennis A. Dinkins was convicted of first degree murder in the Circuit Court of Houston County, Alabama, on February 23, 1971. He received a sentence of life imprisonment. His conviction was affirmed on appeal. On February 7, 1975, he petitioned the United States District Court for a writ of habeas corpus in which he attacked, on the grounds of racial exclusion, the grand and petit juries which respectively indicted and tried him, and he attacked his trial counsel as incompetent.[1]

The district court held an extensive evidentiary hearing. After concluding that petitioner had failed to exhaust available state remedies as to alleged incompetency of counsel but had effectively exhausted his remedies on the jury racial exclusion issue by presenting the matter on direct appeal, the court exercised its discretion to take jurisdiction of and decide both issues on their merits. Relief was denied on both grounds.

Counsel who was appointed for Dinkins in the trial court was ordered to continue his representation of Dinkins until relieved and he perfected the present appeal. Subsequent to this action, leave to withdraw was granted to this counsel because of a determination on counsel's part to leave practice in order to further his studies. Before filing his motion for leave to withdraw, counsel had advised Dinkins of certain issues which he might raise with respect to the fairness and effectiveness of the habeas hearing below. As a result Dinkins filed a supplemental affidavit challenging: (1) the effectiveness of counsel appointed for the habeas hearing, (2) the effectiveness of his specially appearing co-counsel, (3) the court's removal of specially appearing co-counsel, (4) the court's recall of and instructions to trial defense counsel, and (5) the breach of the client-attorney confidentiality by trial defense counsel during the course of the habeas hearing.

Substitute counsel was appointed by this court to conduct the appeal and that counsel has now filed a brief in this court of the sort contemplated by *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In this brief counsel discusses every error raised in the trial court by appellant's pro se petition, as well as additional issues concerned with the use of perjured testimony at his trial and the failure of the trial court to consider lack of corroboration of accomplice testimony. Counsel concluded that all of these issues were devoid of merit and that she should be permitted to withdraw.

Although counsel serves in this civil habeas corpus proceeding by a discretionary appointment of this court rather than because of a declared constitutional right, it is appropriate to apply the principles enunciated in *Anders* to determine whether counsel should be allowed to withdraw. We followed this course in *Fells v. Wainwright* (affirmed without published opinion) 5 Cir., 1974,

---

1. Dinkins attempted to file a damage action under 42 U.S.C. § 1983 against his trial attorney for ineffective representation but the court refused to allow the proceeding to go forward in forma pauperis.

494 F.2d 1295. Applying those principles, we have carefully considered this cause in its entirety, including the errors assigned in counsel's brief and those assigned in the supplemental affidavit filed by Dinkins, and we conclude that there is no arguable merit to the appeal. It is therefore ordered that the motion filed by Emily B. Gassenheimer for leave to withdraw as court-appointed counsel for appellant is granted. The decision of the district court is affirmed. See Local Rule 20.