974 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward E. ALLEN, Petitioner-Appellant,
v.
STATE OF OREGON, Respondent-Appellee.
 No. 91-36114.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Aug. 31, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward E. Allen, an Oregon state prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. Pursuant to Anders v. California, 386 U.S. 738 (1967), Allen's counsel filed a brief which identified one possible issue for review: whether the district court erred in dismissing Allen's habeas petition on the ground that he had not exhausted available state court remedies. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we grant counsel's request to withdraw and affirm the district court judgment.[1]
 
 
 3
 Allen contends that he should not be required to exhaust state court remedies because (1) he would suffer substantial delay; and (2) he requires a prompt determination of his individual rights. These contentions lack merit.
 
 
 4
 A state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b), (c); Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam); Lindquist v. Gardner, 770 F.2d 876, 877 (9th Cir.1985). A petitioner satisfies the exhaustion requirement by fairly presenting all claims to the highest state court with jurisdiction to consider the claims. Picard v. Connor, 404 U.S. 270, 276 (1971).
 
 
 5
 Here, Allen has not yet appealed his convictions in state court through either a direct appeal or collateral proceedings. Moreover, the circumstances of this case do not warrant that Allen be excused from fulfilling the exhaustion requirement. Accordingly, the district court did not err by dismissing Allen's habeas petition for failure to exhaust state court remedies. See 28 U.S.C. § 2254(b), (c); Duckworth, 454 U.S. at 3; Lindquist, 770 F.2d at 877.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988) discloses no other issues for review