17 F.3d 394
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael Jay FOUST, Petitioner-Appellant,
v.
Art CALDERON, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 92-55313.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 7, 1994.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Jay Foust appeals the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition challenging his conviction for burglary, and possession with the intent to distribute a controlled substance. Pursuant to Anders v. California, 386 U.S. 738 (1967), Foust's attorney has filed a brief which identifies five possible issues for review: (1) whether the district court erred by finding that Foust's claim that he was not arraigned within forty-eight hours of his arrest was not cognizable in federal habeas proceedings; (2) whether the district court erred by finding that there was no Miranda violation; (3) whether the district court erred by finding that Foust's post-arrest statements were not coerced; (4) whether the district court erred by finding that Foust did not receive ineffective assistance of counsel; and (5) whether the district court erred by denying his section 2254 petition without an evidentiary hearing. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253. We grant counsel's motion to withdraw as counsel of record, and we affirm the district court's judgment.[1]
 
 Delayed Arraignment
 
 3
 Foust contends that he was not arraigned within forty-eight hours of his arrest as mandated by Cal.Penal Code Sec. 825. Foust's claim is essentially a Speedy Trial claim under state statutory provisions. He does not allege a violation of a federally protected right, therefore, his claim is not cognizable in federal habeas proceedings. See Estelle v. McGuire, 112 S.Ct. 475, 480 (1991) (federal habeas corpus relief does not lie for errors of state law).
 
 
 4
 Moreover, Foust's claim that had he been arraigned in forty-eight hours he would not have made a confession is also without merit. Foust was arrested on November 16, 1987. The record indicates that the statements Foust made and which were used against him were made on November 17 and 18, 1987, within forty-eight hours of his arrest. The claim raises no violation of a federally protected right; therefore, the district court did not err by finding that it was not cognizable in federal habeas proceedings. See id.
 
 Miranda Violations/Coerced Confession
 
 5
 Foust contends that his Fifth Amendment right against self-incrimination was violated, and his confession was a product of coercion. These contentions lack merit.
 
 
 6
 Under 28 U.S.C. Sec. 2254(d), we must accord a presumption of correctness to a state court's findings of fact. Krantz v. Briggs, 983 F.2d 961, 962 (1993) (citing Summer v. Mata, 449 U.S. 539, 546-47 (1981). "This presumption applies only to factual determinations made by a state court after a hearing on the merits." 28 U.S.C. Sec. 2254(d); see also Summer, 449 U.S. at 546.
 
 
 7
 Here, the state court conducted an evidentiary hearing regarding Foust's claim that his Miranda rights had been violated. Law enforcement officers testified at this hearing that Foust had been given his Miranda rights and had waived them. At the conclusion of the hearing, the state court found that Foust was not credible and that the officers were credible. The trial court found that the officers had complied with Miranda procedures and that Foust's claim that the police had used "scare tactics" to get him to confess was not credible. The trial court denied Foust's motion to suppress the statements. Because the trial court's findings are presumed correct, the district court did not err by denying Foust's habeas petition on these grounds. See Krantz, 983 F.2d at 962.
 
 Ineffective Assistance of Counsel
 
 8
 Foust next contends that the district court erred by finding that he received effective assistance of counsel. He claims that his trial counsel was ineffective because he failed to: 1) investigate witnesses to support Foust's illegal search and seizure claim; 2) move to exclude his post-arrest statements; 3) make use of a private investigator's report to assist in Foust's defense; 4) question all of the officers involved in Foust's post-arrest questioning; and 5) interview Secret Service Agent Murray regarding Foust's alleged fear of the police.
 
 
 9
 To demonstrate ineffective assistance, a defendant must show that his attorney's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is demonstrated when "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. There is a strong presumption that counsel's conduct falls within the "wide range of reasonable professional assistance." Id. at 689. Prejudice is established if there is a reasonable probability that but for the counsel's error, the result of the proceeding would have been different. Id. at 694.
 
 
 10
 Here, the record indicates that Foust's residence was searched pursuant to a valid search warrant. Therefore, his counsel's failure to interview witnesses regarding that search was irrelevant. The record also indicates that Foust's counsel did move to suppress his post-arrest statements as demonstrated by the trial court's evidentiary hearing on the matter.
 
 
 11
 Regarding Foust's claim that his counsel should have used a private investigator's report to assist in his defense, Foust does not make any showing regarding what information would have been found in the private investigator's report which would have assisted the defense.
 
 
 12
 Finally, with respect to Foust's claim that his trial counsel failed to interview all the officers involved after his arrest, and failed to interview Agent Murray about Foust's fear of police, Foust makes no showing as to how any of these witnesses could have assisted the defense.
 
 
 13
 Foust has failed to show how his trial counsel's performance was deficient or how the allegedly deficient performance prejudiced his defense. See Strickland, 466 U.S. at 687. Accordingly, the district court properly found that Foust received effective assistance of counsel. See id.
 
 Evidentiary Hearing
 
 14
 Finally, Foust contends that the district court erred by failing to hold an evidentiary hearing. This contention lacks merit.
 
 
 15
 The district court must hold an evidentiary hearing on a habeas petition only if (1) the petitioner's allegations, if proven, would establish a right to relief, and (2) the state court has not reliably found the relevant facts after a full and fair hearing. Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990), cert. denied, 498 U.S. U.S. 1091 (1991).
 
 
 16
 Foust requested an evidentiary hearing to call Agent Murray as a witness to testify regarding Foust's fear of the police. However, the record indicates that Agent Murray stated that Foust told him he did not like police officers, and did not recall that Foust told him he was afraid of them. Nonetheless, Murray's potential testimony would not necessarily establish a right to relief, and thus, the district court was not required to hold an evidentiary hearing on the basis of Murray's presumed testimony. See id. at 530.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Our independent review of the record discloses no other issues for review. See Penson v. Ohio, 486 U.S. 75, 88 (1988)