**Jessie HARRIS, Petitioner–Appellant,**

v.

**Pat HURLEY, Warden, Respondent–Appellee.**

No. 03–3874.

United States Court of Appeals, Sixth Circuit.

Sept. 14, 2004.

Before KRUPANSKY and CLAY, Circuit Judges; and HAYNES, District Judge.*

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of

*ORDER*

Jessie Harris, an Ohio prisoner represented by two court-appointed attorneys, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

This case involves Harris's July 12, 1999, conviction on involuntary manslaughter in the Franklin County Court of Common Pleas. On June 22, 2000, Harris's conviction was affirmed by the Tenth District Court of Appeals, and on October 25, 2000, the Ohio Supreme Court dismissed Harris's subsequent appeal as not involving any substantial constitutional question.

On January 23, 2002, Harris filed his habeas corpus petition asserting the following claims:

1. Denial of effective assistance of counsel.

   The attorney Michael Siewert did not object to the jury instructions which did not state that involuntary manslaughter was a felony of the third degree until afterwards. The judge sentenced me on the jury finding me guilty of a first degree felony. I was then given a maximum sentence of 10 years instead of 5 years for a third degree felony.

2. I was denied a fair trial due to the introduction of irrelevant and inflammatory evidence, and the misconduct of the prosecution in closing arguments.

Tennessee, sitting by designation.

3. The Court did not [sic] instruct the jury that it could infer that I acted to purposely cause the death of another, improper instructions on the duty to retreat.

4. Petitioner's sentence was in violation of Ohio Revised Code § 2945.75(A)(2) because the jury form did not state the degree of the offense to which the petitioner was found guilty.

The matter was referred to a magistrate judge who issued a report recommending that the petition be dismissed. Specifically, the magistrate judge concluded that claims one, three, four and a portion of claim two (the alleged introduction of irrelevant and inflammatory evidence) were procedurally defaulted, and that Harris failed to show cause and prejudice for his procedural default or a fundamental miscarriage of justice. *See Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Murray v. Carrier,* 477 U.S. 478, 495–96, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). The remainder of claim two (the misconduct of the prosecution in closing arguments) was denied on the merits. Specifically, the magistrate judge agreed with the state court's conclusion that Harris failed to establish that he was prejudiced by the prosecutor's remarks, and concluded that the statements at issue were not of such an egregious nature to warrant federal habeas corpus relief. The district court adopted the magistrate judge's report and recommendation over Harris's objections.

Thereafter, Harris filed a motion for a certificate of appealability in the district court as to claims two and four of the habeas petition. The district court denied the request for a certificate of appealability. This court granted Harris a certificate of appealability as to issue one: denial of effective assistance of counsel at trial and as "cause" for procedural default.

Harris's court-appointed counsel have filed an appellate brief with this court and also a motion to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After a review of the entire record, counsel was of the opinion that there were no meritorious grounds for appeal as Harris procedurally defaulted his ineffective assistance of counsel claim. Harris was notified of his right to respond to his attorneys' *Anders* brief, but no response has been received by this court. Upon review, we conclude that counsels' motion to withdraw must be granted as they have filed an acceptable *Anders* brief and as no appealable issues exist.

We review de novo a district court's legal conclusions in habeas corpus actions and review its factual findings for clear error. *Lucas v. O'Dea,* 179 F.3d 412, 416 (6th Cir.1999). Generally, when a petitioner procedurally defaults federal constitutional claims in the state courts, federal habeas review is precluded unless petitioner can establish cause for the procedural default and prejudice attributable thereto. *See Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). A petitioner procedurally defaults claims for habeas relief if the petitioner has not presented those claims to the state courts in accordance with the state's procedural rules. *See Simpson v. Jones,* 238 F.3d 399, 406 (6th Cir.2000) (citing *Wainwright,* 433 U.S. at 87).

Where the issue is whether a federal habeas corpus claim is waived by a petitioner's failure to comply with a state procedural rule, this court uses a four-part analysis. *See White v. Schotten,* 201 F.3d 743, 749 (6th Cir.2000), citing *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir.1986). Under *Maupin,* the federal habeas court

must first determine whether there is a state procedural rule that is applicable to the petitioner's claim and whether the petitioner failed to comply with the state procedural rule. Second, the federal court must decide whether the state courts actually enforced the state procedural sanction. Third, the federal court must decide whether the state procedural default is an adequate and independent state ground upon which the state can rely to foreclose review of the federal habeas claim. Fourth, the habeas petitioner is required to demonstrate cause and prejudice: that there was cause for him not to comply with the state procedural rule and that he was actually prejudiced by the alleged error. *Maupin,* 785 F.2d at 138; *Seymour v. Walker,* 224 F.3d 542, 555 (6th Cir.2000); *Schotten,* 201 F.3d at 749.

 The *Maupin* test is clearly satisfied here. Harris must show cause and prejudice before habeas relief is warranted. The only cause suggested for Harris's procedural default is ineffective assistance of appellate counsel, but Harris failed to exhaust that claim. "[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted." *Edwards v. Carpenter,* 529 U.S. 446, 453, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000). Harris has never presented an ineffective assistance of appellate counsel claim to the state courts. Thus, Harris procedurally defaulted his ineffective assistance of appellate counsel claim and presented no cause to excuse that default. *See Maupin,* 785 F.2d at 138. Accordingly, he cannot rely on ineffective assistance of appellate counsel to excuse his default of his ineffective assistance of trial counsel claim. *See Edwards,* 529 U.S. at 453. Harris's failure to establish cause to excuse his default eliminates the need to consider prejudice. *See Murray,* 477 U.S. at 494.

 Finally, Harris is not entitled to have his claim reviewed under the actual innocence exception. *See McCleskey v. Zant,* 499 U.S. 467, 494–95, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Murray,* 477 U.S. at 495–96. Harris has presented no new evidence that he is innocent.

Accordingly, counsels' motion to withdraw is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.