

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-5-2006

# Turner v. Dragovich

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3681

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Turner v. Dragovich" (2006). *2006 Decisions*. Paper 1789.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1789

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3681
_____

WILLIAM D. TURNER,
                                        Appellant

v.

MARTIN L. DRAGOVICH; THE DISTRICT ATTORNEY
OF THE COUNTY OF PHILA. MS. LYNNE ABRAHAM;
ATTY GEN PA, THE ATTORNEY GENERAL OF
THE STATE OF PENN. *MR. GERALD J. PAPPERT

*Pursuant to F.R.A.P. 43(c)

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 99-cv-03975)
Chief District Judge: Honorable James T. Giles
_____

Submitted Under Third Circuit LAR 34.1(a)
December 15, 2005

Before:   McKEE, FUENTES and NYGAARD, Circuit Judges

(Filed January 5, 2006)

_____

OPINION
_____

PER CURIAM

Appellant William D. Turner was convicted in 1981 of first degree murder and possession of an instrument of crime, and sentenced to life in prison on the murder charge plus an additional 2½-5 years imprisonment for the weapons offense. Turner's direct appeal was completed in 1983. It was followed by four separate state petitions for post-conviction relief. The Pennsylvania Supreme Court denied Turner's request for allowance of appeal from the denial of his third petition on April 8, 1997. Turner's fourth state post-conviction petition was denied as untimely.[1]

Turner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in United States District Court for the Eastern District of Pennsylvania in August 1999. The District Court dismissed the petition as untimely in July 2000, concluding that the one year limitation period was not tolled while the untimely fourth state petition was pending. That petition was not a "properly filed" petition under 28 U.S.C. § 2244(d)(2). In April 2002, we affirmed in Turner v. Dragovitch, C.A. No. 00-2348, pursuant to Artuz v. Bennett, 531 U.S. 4 (2000). In Artuz, the United States Supreme Court held that an application that contains procedurally barred claims is still properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including the time limits for filing. Id. at 8. The U.S. Supreme Court denied Turner's petition for a writ of certiorari.

In December 2003, Turner filed a Rule 60(b) motion under subparagraphs (1) and

_____

[1] As we write primarily for the parties, and the District Court's recitation of the procedural history was thorough, we provide only this brief summary.

(3), challenging the integrity of the habeas proceedings, and claiming a violation of due process because his claim of actual innocence was ignored. He did not directly challenge his conviction and sentence. In an order entered on August 9, 2004, the District Court held that it could not consider the Rule 60(b) motion on the merits, because it was untimely. It was filed more than 3 years after the habeas proceedings had concluded in the district court. Fed. R. Civ. Pro. 60(b) (one year time limit for motions under subparagraphs (1), (2), and (3)). The court went on to conclude that, in any event, Turner had failed to demonstrate that there had been any mistake or fraud in the habeas proceedings, or that exceptional circumstances justified reopening the judgment. A timely motion for reconsideration was denied, and Turner appealed.

Thereafter, the District Court granted a certificate of appealability with respect to its construction of Rule 60(b). We appointed counsel, but counsel now seeks to withdraw from this appeal on the ground that there are no non-frivolous arguments to be made on Turner's behalf, and she has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Appointment of counsel in a habeas proceeding is not constitutionally mandated, however, and, accordingly, a motion to withdraw comporting with the requirements of Anders is not necessary. See Pennsylvania v. Finley, 481 U.S. 551, 559 (1987). See also 18 U.S.C. § 3006A(a)(1). Nevertheless, we notified Turner of his counsel's motion and gave him an opportunity to respond, which he did, and his response includes a motion for appointment of new counsel. Having independently reviewed the Anders brief, Turner's

3

response and the entire record, we are satisfied that there is no basis for collateral relief in this case, and thus grant counsel's motion and affirm. Turner's motion for appointment of new counsel is denied.[2]

We have jurisdiction pursuant to 28 U.S.C. § 1291. Turner contends in his pro se brief that the certificate of appealability was appropriately granted, because there were Sixth Amendment violations at his trial, including trial counsel's ineffective handling of the Commonwealth's use of false evidence to vouch for the credibility of its key witness.[3] In addition, the original judgment that his habeas petition was untimely is null and void under Gonzalez v. Crosby, 125 S. Ct. 2641 (U.S. 2005), a case decided *after* the District Court granted the certificate of appealability.

Appointed counsel argued in the Anders brief that reasonable jurists could not disagree, Miller-El v. Cockrell, 537 U.S. 322, 338 (2003), that the Rule 60(b) motion was untimely. We agree with Turner, however, that the certificate of appealability was not improvidently granted. The questions raised by Rule 60(b) motions filed in the context of habeas proceedings were substantial and unresolved when the District Court ruled on Turner's Rule 60(b) motion. After the District Court ruled, we decided Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004), cert. denied, 125 S. Ct. 1298 (2005), holding that a Rule 60(b) motion may be adjudicated on the merits when the factual predicate of

---

[2] Turner has demonstrated that he is capable of, and desires to, argue his own case.

[3] Turner alleged that eyewitness Ella Martin lied about her employment at Horizon House, and thus was not a credible witness in any respect.

4

the motion attacks the manner in which an earlier habeas judgment was procured, and not the underlying conviction. Prior to Pridgen, that issue was unresolved in this circuit.

Although the issue in Turner's case was whether, if properly construed as a true Rule 60(b) motion, Turner's December 2003 filing was untimely, the question of the proper construction of his filing, that is, whether it was an impermissible successive habeas petition, *was* at issue. Because there was a substantial procedural issue decided adversely to Turner, and the case involved a valid claim of the denial of a constitutional right, Slack v. McDaniel, 529 U.S. 473, 484 (2000), the District Court did not err in granting the certificate of appealability.

We nonetheless affirm. The District Court properly construed the motion as arising under Rule 60(b). In Gonzalez v. Crosby, 125 S. Ct. 2641, the Supreme Court held that a motion for relief from judgment, such as Turner's, which challenges only the District Court's prior ruling that the habeas petition was time-barred, is not the equivalent of a second or successive habeas petition, and may be considered under Rule 60(b). Id. at 2648.[4] This necessarily means that the time requirements of the rule apply. Id. at 2649.

Rule 60(b) provides in pertinent part, that: "On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... [or] (3)

---

[4] The Supreme Court, while leaving the issue open, did not disapprove of the practice of requiring a certificate of appealability as a prerequisite to appealing the denial of a Rule 60(b) motion, calling it a "plausible and effective screening requirement." 125 S. Ct. at 2650 n.7.

fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. Pro. 60(b). The rule further provides that: "The motion shall be made ... for reasons (1) [and] (3) not more than one year after the judgment, order, or proceeding was entered or taken." Id. Turner's Rule 60(b) motion, insofar as he sought to bring it under subparagraphs (1) and (3), was plainly out of time, as explained by the District Court.

Moreover, the District Court did not err in concluding that no extraordinary circumstances existed for reopening Turner's habeas case. We previously decided that, under Artuz, Turner's habeas petition was untimely. Even if this ruling had been incorrect (and it was not, see Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (U.S. 2005)), a motion under Rule 60(b)(6) can only be granted in extraordinary circumstances. In Gonzalez, the Supreme Court considered whether its decision in Artuz, even assuming that it rendered the district court's previous untimeliness ruling incorrect, was not an extraordinary circumstance justifying reopening the habeas judgment. Artuz does not justify "reopening long-ago dismissals based on a lower court's unduly parsimonious interpretation of § 2244(d)(2)...." Gonzalez, 125 S. Ct. at 2650.

The Supreme Court further reasoned that the petitioner's lack of diligence in pursuing his statute of limitations argument was a contributing factor in determining whether extraordinary circumstances existed. Id. at 2651. Here, Turner's lack of diligence in pursuing his innocence argument similarly renders his case "all the less

6

extraordinary." Id. Furthermore, even if a showing of actual innocence could trigger equitable tolling, Turner would have to support his allegations with new reliable and probative evidence that was not presented at trial. Schlup v. Delo, 513 U.S. 298, 327 (1995). His unsupported statement fails to satisfy this standard, further establishing an absence of extraordinary circumstances.

We will grant counsel's motion to withdraw and affirm the judgment of the District Court. Turner's motion for appointment of new counsel is denied.