**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 16 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NICK J. GARDUNO, | No. 08-15271 |
| Petitioner–Appellant, | D.C. No. CV-02-05806-JSW |
| v. | |
| GAIL LEWIS, Warden, | MEMORANDUM[*] |
| Respondent–Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted December 7, 2009
San Francisco, California

Before: SCHROEDER and CALLAHAN, Circuit Judges, and LUCERO,[**] Circuit Judge.

Nick J. Garduno appeals the district court's denial of his 28 U.S.C. § 2254

petition for writ of habeas corpus. Exercising jurisdiction under § 2253, we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Carlos F. Lucero, Circuit Judge for the Tenth Circuit, sitting by designation.

Garduno was convicted in California state court of attempted murder, assault with a firearm, and inflicting corporal injury upon a spouse. On December 12, 2002, he filed a pro se habeas petition in federal court, asserting there was insufficient evidence of intent to kill. Approximately one year later, Garduno filed through counsel an amended petition advancing three new claims. The district court dismissed Garduno's newly-added claims as time-barred, and rejected his sufficiency of the evidence claim on the merits.

Garduno timely appealed. This court granted a certificate of appealability ("COA") on the questions of whether the district court properly dismissed Garduno's three new claims as untimely and whether these claims are meritorious.

With respect to the issues for which we granted a COA, Garduno's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he is unable to find support for Garduno's appeal. Garduno did not file a pro se brief in response. We remind counsel that Anders "established a prophylactic framework that is relevant when, and only when, a litigant has a previously established constitutional right to counsel." Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Because "there is no constitutional right to effective assistance of counsel in habeas corpus cases," Bonin v. Calderon, 77 F.3d 1155, 1159 (9th Cir. 1996), counsel for a habeas petitioner cannot rely on the Anders procedure.

2

Nevertheless, we have independently reviewed the record in this case and agree that the claims on which we granted a COA lack merit. Even if those claims were timely or could be saved by equitable tolling, they would not entitle Garduno to relief. To obtain habeas relief based on erroneous jury instructions, a petitioner must show the instruction errors "so infected the entire trial that the resulting conviction violates due process, thus rendering the trial fundamentally unfair." Townsend v. Knowles, 562 F.3d 1200, 1209 (9th Cir. 2009) (quotation omitted).

Garduno claimed he was denied due process because the jury was instructed that the lesser included-offense of attempted voluntary manslaughter requires intent to kill. The California Supreme Court has held that voluntary manslaughter does not require an intent to kill. People v. Lasko, 999 P.2d 666, 672 (Cal. 2000). However, Garduno's jury was also instructed that it could not convict on the attempted murder count unless the government proved that the act constituting an attempt "was not done in the heat of passion or upon a sudden quarrel." Because the jury necessarily found Garduno was not acting in the heat of passion, it could not have convicted him of attempted voluntary manslaughter regardless of the erroneous intent instruction.

Garduno also argued the instructions impermissibly required the jury to find him not guilty of attempted murder unanimously before it could consider a lesser

3

included charge. This claim is foreclosed by <u>United States v. Jackson</u>, 726 F.2d 1466, 1469 (9th Cir. 1984).

Garduno further contended that his counsel was ineffective for failing to raise these jury instruction issues. Because the underlying arguments lack merit, counsel was not ineffective for failing to raise them. <u>See</u> <u>Boag v. Raines</u>, 769 F.2d 1341, 1344 (9th Cir. 1985).

Finally, Garduno requests this court expand the grant of a COA to include his sufficiency of the evidence claim. To obtain a COA, Garduno must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (quotations omitted). Garduno has not satisfied this standard; the evidence presented at trial was more than sufficient to permit a rational trier of fact to find that Garduno intended to kill his victim. <u>See</u> <u>Jackson v. Virginia</u>, 443 U.S. 307, 326 (1979).

**AFFIRMED**.

4