**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PABLO CHINA VALLE, | No. 10-16031 |
| Petitioner - Appellant, | D.C. No. 2:09-cv-01467-FCD |
| v. | |
| ANTHONY HEDGPETH, Warden, SVSP; and MATTHEW CATE, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Jr., District Judge, Presiding

Submitted February 28, 2012[**]

Before:    LEAVY, THOMAS, and CHRISTEN, Circuit Judges.

California state prisoner Pablo China Valle appeals from the district court's

judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction

under 28 U.S.C. § 2253, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Valle's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. We have conducted an independent review of each of the issues for which the district court granted a certificate of appealability, and we conclude that there are no arguable grounds for habeas relief.

The California Court of Appeal's determination that the trial court committed harmless error by leaving out the "distinctively worse" element of the "planning and sophistication" aggravating factor jury instruction was not contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1).

The California Court of Appeal's determination that Valle's upper-term and consecutive sentences did not violate his Sixth Amendment rights was not contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Oregon v. Ice*, 555 U.S. 160, 163-64 (2009); *Blakely v. Washington*, 542 U.S. 296, 301 (2004).

Finally, because there is no reasonable probability that the result of the proceeding would have been different had Valle's counsel challenged the upper-term or consecutive sentences, the state court's denial of Valle's ineffective assistance of counsel claim was not contrary to, or an unreasonable application of,

clearly established federal law as determined by the United States Supreme Court.

*See* 28 U.S.C. § 2254(d)(1); *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

Valle's counsel's motion to withdraw is **GRANTED**.

**AFFIRMED.**