**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| KINTE M. GRAVES, *Petitioner-Appellant*, | No. 10-17203 |
| v. | D.C. No. 2:05-cv-01349-GEB-KJN |
| SCOTT MCEWEN, Warden; MATTHEW L. CATE, Secretary, California Department of Corrections and Rehabilitation, *Respondents-Appellees*. | OPINION |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Senior District Judge, Presiding

Submitted August 13, 2013[*]
San Francisco, California

Filed September 24, 2013

Before: Susan P. Graber, Carlos T. Bea, and
Andrew D. Hurwitz, Circuit Judges.

Opinion by Judge Hurwitz

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Habeas Corpus

The panel affirmed the district court's denial of a 28 U.S.C. § 2254 habeas corpus petition and granted a motion by appointed counsel to withdraw, after holding that counsel had followed the proper procedure under 9th Cir. R. 4-1(c)(6) in seeking to withdraw.

The panel explained that Rule 4-1(c)(6) serves an important purpose, and that when at least one judge has found the possibility of substance in the appeal, counsel should not be allowed to abandon the appointment without carefully explaining why.

### COUNSEL

Kathleen C. Page, Page & Page, Sacramento, California, for Petitioner-Appellant.

Kamala D. Harris, Attorney General of California, Michael P. Farrell, Senior Assistant Attorney General, Brian G. Smiley, Supervising Deputy Attorney General, David Andrew Eldridge, Deputy Attorney General, Sacramento, California, for Respondents-Appellees.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

HURWITZ, Circuit Judge:

The central question in this case is what procedure appointed counsel in a habeas appeal should follow when seeking to withdraw. Ninth Circuit Rule 4-1(c)(6) provides the answer.

## I.

In 2003, Kinte Graves was convicted in California state court of various felonies. The convictions were affirmed on direct appeal and the California Supreme Court denied a petition for review. The superior court denied Graves' state habeas corpus petition. Graves did not seek habeas review in either the California Court of Appeal or the California Supreme Court.

Graves then filed a 28 U.S.C. § 2254 habeas corpus petition in the United States District Court for the Eastern District of California. The district court denied relief, but issued a certificate of appealability ("COA") on five issues. The court then appointed appellate counsel for Graves under the Criminal Justice Act, 18 U.S.C. §3006A.

Counsel subsequently filed an opening brief in this court in the style required by *Anders v. California* for direct criminal appeals in which appellate counsel can find no viable issues. 386 U.S. 738, 744 (1967). Citing to applicable law and the record, the opening brief explained why none of the five issues certified by the district court warranted habeas relief and requested permission to withdraw. In response, Graves filed a *pro se* "Declaration of Conflict," requesting

that we strike the *Anders* brief and substitute counsel. We denied that request, but gave Graves leave to file a *pro se* supplemental brief. He failed to do so.

In their answering brief, the State appellants argue that appointed counsel may not file an *Anders* brief in a habeas appeal. Because the issue of how appointed counsel in habeas appeals should seek to withdraw in such circumstances is recurrent, we today clarify that use of the *Anders* procedure is required under our Circuit Rules, as a condition to withdrawal of counsel on grounds no issues worthy of appeal exist.

## II.

In *Anders*, the Supreme Court specified how appointed criminal counsel should proceed when determining, "after a conscientious examination," that a client's appeal is "wholly frivolous." 386 U.S. at 744. In that circumstance, the Court concluded, counsel "should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id.* The required brief has come to be known as an *Anders* brief.

The *Anders* brief is designed to safeguard a defendant's Sixth Amendment right to direct appellate counsel. *Id.* at 745 ("This procedure will assure penniless defendants the same rights and opportunities on appeal—as nearly as is practicable—as are enjoyed by those persons who are in a similar situation but who are able to afford the retention of private counsel."). There is no general constitutional right to counsel, however, in collateral postconviction review proceedings. *Bonin v. Calderon*, 77 F.3d 1155, 1159 (9th Cir.

1996).  Accordingly, appellants in such proceedings have no constitutional right "to insist on the *Anders* procedures." *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987).  But, neither the Supreme Court nor any published Ninth Circuit opinion has considered whether, although not constitutionally required, filing an *Anders* brief in a § 2254 habeas appeal is permitted or required when appointed counsel uncovers no colorable issues.

This court has taken an inconsistent approach to the issue, entirely through memorandum dispositions.  After *Finley*, a number of unpublished decisions have accepted *Anders* briefs in habeas appeals, albeit without discussing the issue the State raises here.  *See, e.g.*, *Valle v. Hedgpeth*, 471 F. App'x 650, 650 (9th Cir. 2012); *Young v. McGrath*, 397 F. App'x 397, 398 (9th Cir. 2010); *Mauldin v. White*, No. 96-55559, 1999 WL 1211478, at *1 (9th Cir. Dec. 16, 1999); *Foust v. Calderon*, No. 92-55313, 1994 WL 5750, at *1 (9th Cir. Jan. 7, 1994); *Miles v. Vasquez*, No. 91-16355, 1993 WL 321713, at *1 (9th Cir. Aug. 24, 1993); *Allen v. Oregon*, No. 91-36114, 1992 WL 209544, at *1 (9th Cir. Aug. 31, 1992).[1]

But, other unpublished dispositions have expressly disapproved of use of an *Anders* brief in an appeal from a district court's denial of a § 2254 petition.  *Garduno v. Lewis*, 365 F. App'x 820, 821–22 (9th Cir. 2010); *Gibbons v. McDaniel*, No. 04-16224, 2006 WL 679985, at *1 n.1 (9th Cir. Mar. 15, 2006); *Golden v. Lewis*, No. 97-17246, 1999 WL 993650, at *2 (9th Cir. Nov. 1, 1999).  These dispositions cite *Finley* for the proposition that the *Anders* framework is

---

[1] In a pre-*Finley* opinion, this court accepted an *Anders* brief in a habeas appeal without discussion.  *Myers v. Rhay*, 577 F.2d 504, 507 (9th Cir. 1978).

relevant only when a litigant has a constitutional right to counsel. *Garduno*, 365 F. App'x at 821–22; *Gibbons*, 2006 WL 679985, at *1 n.1; *Golden*, 1999 WL 993650, at *2. In several cases, the panel even chastised the appointed attorney for filing an *Anders* brief. *See, e.g.*, *Garduno*, 365 F. App'x at 821–22 ("We remind counsel that *Anders* established a prophylactic framework that is relevant when, and only when, a litigant has a previously established constitutional right to counsel. . . . Nevertheless, we have independently reviewed the record in this case and agree that the claims on which we granted a COA lack merit.") (internal citations and quotation marks omitted); *Gibbons*, 2006 WL 679985, at *1 n.1 ("We reject Gibbons's counsel's attempt to characterize his brief as an *Anders* brief. . . . Despite the deficiencies in the opening brief, we reach the merits of this appeal because the certified issue has been addressed in both the answering and reply briefs."); *Golden*, 1999 WL 993650, at *2 ("[W]e reject Golden's Ninth-Circuit-appointed counsel's attempt to label her brief an *Anders* brief.").

The case law elsewhere is similarly divided. Several of our sister circuits appear to have permitted submission of an *Anders* brief in a habeas appeal, albeit largely without analysis. *See, e.g.*, *Boyle v. McKune*, 544 F.3d 1132, 1140 (10th Cir. 2008); *Boney v. Sec'y for the Dep't of Corrs.*, 218 F. App'x 907, 907 (11th Cir. 2007); *Harris v. Hurley*, 110 F. App'x 597, 599 (6th Cir. 2004). The Third Circuit has also accepted an *Anders* brief in a habeas appeal, but commented that because "[a]ppointment of counsel in a habeas proceeding is not constitutionally mandated . . . a motion to withdraw comporting with the requirements of *Anders* is not necessary." *Turner v. Dragovich*, 163 F. App'x 97, 99 (3d Cir. 2006); *see also Merchel v. Page*, No. 99-2155, 2000 WL 52893, at * 1 (7th Cir. Jan. 21, 2000) (also finding

that under *Finley*, counsel is not required to comply with the *Anders* procedure in the § 2254 context).

A Second Circuit opinion stated that the *Anders* procedure is not applicable in habeas cases. *Love v. McCray*, 413 F.3d 192, 194 & n.1 (2d Cir. 2005). *But see Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997) (accepting an *Anders* brief without discussion). In contrast, the Fifth Circuit has stated that although counsel served "by a discretionary appointment of the court rather than because of a declared constitutional right, it is permitted to apply the principles enunciated in *Anders* to determine whether counsel should be allowed to withdraw." *Dinkins v. Alabama*, 526 F.2d 1268, 1269 (5th Cir. 1976).

## III.

Although our prior cases and those elsewhere provide mixed guidance on whether an *Anders* brief is permitted or required in the circumstances of this case, Ninth Circuit Rule 4-1 directly addresses the issue. That Rule, which is not discussed in our prior dispositions, is entitled "Counsel in Criminal Appeals," and expressly applies "to appeals in categories of cases listed in 18 U.S.C. § 3006A." 9th Cir. R. 4-1. Section 3006A, in turn, provides for appointment of counsel when a petitioner "is seeking relief under section . . . 2254." 18 U.S.C. § 3006A(a)(2)(B). Habeas appeals are therefore squarely covered by Rule 4-1.[2]

---

[2] As enacted in 1964, § 3006A dealt only with direct appeals. Pub. L. No. 88-455, 78 Stat. 552 (1964). Congress expanded the law in 1986 to cover habeas appeals. Pub. L. No. 99-651, 100 Stat. 3642 (1986). Thus, when this court adopted Rule 4-1 in 1995, we intended to include habeas appeals, although habeas is not a civil remedy (Federal Habeas Manual

Rule 4-1(c)(6) specifically deals with withdrawal of counsel "appointed under the Criminal Justice Act," and provides that:

> (6) [I]f after conscientious review of the record appointed counsel believes the appeal is frivolous, on or before the due date for the opening brief, appointed counsel shall file a separate motion to withdraw and an opening brief that identifies anything in the record that might arguably support the appeal, with citations to the record and applicable legal authority. The motion and brief shall be accompanied by proof of service on defendant. *See Anders v. California*, 386 U.S. 738 (1967), and *United States v. Griffy*, 895 F.2d 561 (9th Cir. 1990). The cover of the opening brief shall state that the brief is being filed pursuant to *Anders v. California*. The filing of a motion to withdraw as counsel along with a proposed *Anders* brief serves to vacate the previously established briefing schedule.
>
> To facilitate this Court's independent review of the district court proceedings, counsel shall designate all appropriate reporter's transcripts, including but not limited to complete transcripts for the plea hearing and sentencing hearing, and shall include the transcripts in the excerpts of record. Counsel are advised to consult Circuit Rule 30-1.

§ 1:106).

> When an appointed attorney has properly moved for leave to withdraw pursuant to *Anders* and has included all appropriate reporter's transcripts, this Court will establish a briefing schedule permitting the defendant to file a pro se supplemental opening brief raising any issues that defendant wishes to present. The order will also direct appellee by a date certain either to file its answering brief or notify the Court by letter that no answering brief will be filed.

Thus, although filing an *Anders* brief is not constitutionally mandated in a habeas appeal when appointed counsel seeks to withdraw, our Rules expressly contemplate such a procedure. Rule 4-1(c)(6) serves an important purpose. Counsel in habeas cases are typically appointed, as here, only after the district court or this court grants a COA. Under 28 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Thus, habeas appeals involving appointed counsel start from the premise that at least one Article III judge has determined that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted).

To be sure, a COA, often issued by a district judge or a panel of this court without the benefit of briefing, is not preclusive on the presence of non-frivolous appellate issues. But the issuance of a COA does suggest the usefulness of an *Anders* brief, which must parse the potential issues certified

for appeal and describe why they do not justify relief. When at least one judge has found the possibility of substance in the appeal, counsel should not be allowed to abandon the appointment without carefully explaining why.

The *Anders* filing in a habeas appeal, and the court's review, will not precisely parallel that in a direct appeal. In the latter context, an attorney may file an *Anders* brief only when, after reviewing the entire record, he finds an appeal "wholly frivolous." *Anders*, 386 U.S. at 744. The appellate court must then independently review the entire record to assure itself that this exacting standard is met. *Id.* But in a § 2254 habeas appeal, absent further action by this court, appellate review is limited to those issues for which a COA has been granted. 9th Cir. R. 22-1(e).[3] Thus, it should normally be necessary for habeas appellate counsel (and ultimately the court) to consider only certified issues when evaluating an *Anders* brief. But this minor distinction does not make Rule 4-1(c)(6) inapplicable to habeas appeals, nor does it diminish the utility of the *Anders* procedure in this context.

## IV.

Having determined that Graves' appointed counsel followed the proper procedure under Rule 4-1(c)(6), we turn to the merits in this case. Our review of the briefing and the record discloses that the certified issues provide no basis for

---

[3] "Petitioners shall brief only issues certified by the district court or the court of appeals." 9th Cir. R. 22-1(e). If a petitioner briefs an uncertified issue, that argument "will be construed as a motion to expand the COA and will be addressed by the merits panel to such extent as it deems appropriate." *Id.*

appellate relief, and we decline to expand the COA to cover the uncertified issues identified in the *Anders* brief.[4]

## V.

Accordingly, we AFFIRM the district court's judgment and GRANT the motion of Kathleen C. Page to withdraw as counsel of record for Graves.

**MOTION GRANTED, JUDGMENT AFFIRMED.**

---

[4] The *Anders* brief discusses two uncertified issues. The brief correctly concedes that Graves did not raise the first issue below. As to the second issue, the brief accurately notes that trial counsel did not properly object, direct appellate counsel did not raise the issue, and Graves did not raise it in his petition.