NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TODD C. SMITH,<br><br>            Petitioner-Appellant,<br><br>   v.<br><br>BARBARA VON BLANCKENSEE,<br><br>            Respondent-Appellee. | No.    20-15551<br><br>D.C. No. 4:18-cv-00183-JAS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
James A. Soto, District Judge, Presiding

Submitted June 21, 2021**

Before:    SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

Todd C. Smith appeals from the district court's judgment dismissing his

28 U.S.C. § 2241 habeas petition.  Pursuant to *Anders v. California*, 386 U.S. 738

(1967), Smith's counsel has filed a brief stating that there are no grounds for relief,

along with a motion to withdraw as counsel of record.  Smith has filed a pro se

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

supplemental brief. No answering brief has been filed.

Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses that the certified issue provides no basis for appellate relief. *See Graves v. McEwen*, 731 F.3d 876, 880-81 (9th Cir. 2013). Contrary to Smith's pro se contention, the district court lacked jurisdiction to consider his § 2241 petition under the escape hatch in 28 U.S.C. § 2255(e). *See Allen v. Ives*, 950 F.3d 1184, 1188-90 (9th Cir. 2020) (discussing escape hatch criteria); *see also Allen v. Ives*, 976 F.3d 863, 869 (9th Cir. 2020) (W. Fletcher, J., concurring in denial for reh'g en banc) (clarifying that that escape hatch is available only to petitioners who can show: "(1) they were convicted of prior offenses, at least one of which was mistakenly deemed to qualify as a predicate offense; (2) the mistake was later addressed by the Supreme Court in a retroactive decision clarifying the applicable law; (3) they received a mandatory sentence under a mandatory sentencing scheme; and (4) all of this came to light after the opportunity to raise it in a § 2255 motion had passed").

We treat Smith's pro se arguments that his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), were violated and that he received ineffective assistance of counsel as a motion to expand the certificate of appealability. So treated, the motion is denied. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999).

20-15551

The motion to take judicial notice is granted.

Counsel's motion to withdraw is **GRANTED.**

**AFFIRMED.**